954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jaime B. CRUZ, Defendant/Appellant.
 No. 91-2181.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1992.*
Decided Feb. 6, 1992.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jaime Cruz was charged with knowingly and intentionally possessing with intent to distribute approximately 3025.3 grams of a mixture containing cocaine. 21 U.S.C. § 841(a)(1). After a hearing, the district court denied his motion to quash his arrest and suppress evidence. Cruz then entered a conditional plea of guilty. He appeals the denial of his suppression motion.
 
 
 2
 Officers of the Drug Enforcement Administration ("DEA") received information regarding the arrival of a possible drug courier with a black suitcase containing drugs at O'Hare Airport. When Cruz's flight arrived, DEA Officer Robert Glynn located the black suitcase in the private baggage area, squeezed the bag, which smelled of coffee and perfume,[1] and placed it on the carousel. After Cruz had picked up the suitcase, Glynn and DEA Agent Robert Irwin approached Cruz. The officers testified that after they identified themselves and told Cruz that he was free to leave, Cruz agreed to speak with them and gave them the key to his suitcase when they asked permission to inspect it. The officers found cocaine in the suitcase. Cruz disputed these facts, claiming personal seizure, lack of consent, and harsh treatment. The district court, however, found the officers' testimony more credible than Cruz's and denied his motion to suppress.
 
 
 3
 We review a district court's denial of a motion to suppress evidence under a clearly erroneous standard. United States v. Williams, 945 F.2d 192, 195 (7th Cir.1991). We have held that where there are two permissible views of the evidence, the choice of the factfinder cannot be clearly erroneous. United States v. Somer, No. 90-1318, slip op. at 8 (7th Cir. Dec. 12, 1991).
 
 
 4
 The fourth amendment is implicated in an encounter between an individual and law enforcement officers when a reasonable person in the defendant's situation would have believed that he was not free to leave. United States v. High, 921 F.2d 112, 115 (7th Cir.1990). Whether consent to a warrantless search has been given is a factual question to be determined by an examination of the totality of the circumstances, with the prosecution bearing the burden of proving consent. United States v. Durades, 929 F.2d 1160, 1163 (7th Cir.1991). We give particular deference to the district court's findings where the judge had the opportunity to observe the demeanor of the witnesses while hearing their testimony, and we employ the clearly erroneous standard in reviewing a court's determination that consent has been given. United States v. Sullivan, 903 F.2d 1093, 1096 (7th Cir.1990).
 
 
 5
 On appeal, Cruz argues that the district court's findings that he had not been seized prior to the search and that he had consented to the search were clearly erroneous. Cruz argues that it was unreasonable to conclude that he would have voluntarily submitted to a search because, having been arrested before, he was familiar with the constitutional requirements for searches. Further, Cruz maintains that the district court accepted the officers' testimonies simply because they were law enforcement officers.
 
 
 6
 The transcript indicates that, faced with a conflict in the testimony, the district court carefully considered all of the evidence before reaching its decision that Cruz's testimony was not credible and articulated its reasons for that conclusion. We cannot say that the district court's findings are clearly erroneous. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Drug couriers sometimes use coffee or strong perfumes to mask the odor of narcotics to prevent detection by drug-sniffing dogs